UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CATHERINE KUHN, MYCHELLE CASEL; BRYAN STROHM; SHAUN BOOKER; LESTER ROGERS; Individually and on behalf of other similarly situated<br><br>    Plaintiffs,<br><br>vs.<br><br>ASSET ACCEPTANCE CAPITAL CORP.; ASSET ACCEPTANCE LLC; ASSET ACCEPTANCE RECOVERY SERVICES LLC; LEGAL RECOVERY SOLUTIONS LLC; ENCORE CAPITAL GROUP INC; RION B. NEEDS; REID E. SIMPSON; DEBORAH L. EVERLY; AAC QUAD-C INVESTORS LLC; QUAD-C MANAGEMENT INC.; HEARTLAND ADVISORS INC; THE D3 FAMILY FUNDS LP; NIERENBERG INVESTMENT MANAGEMENT CO. and JOHN DOES 1-50<br><br>    Defendants. | Case No. 1:14-cv-0059 TWP-DML<br><br>CLASS ACTION |

## MOTION TO DISMISS

Defendants, Asset Acceptance Capital Corp., Asset Acceptance LLC ("Asset"), Asset Acceptance Recovery Services LLC, Legal Recovery Solutions LLC, and Encore Capital Group Inc. (Collectively "Defendants"), by their attorneys, David M. Schultz, John P. Ryan, and Katherine H. Tresley, pursuant to Fed.Civ.Pro.Rule 12(b)(2) and (6) move to dismiss Plaintiffs' complaint. In support of their motion, Defendants state as follows:

1. Plaintiffs filed the following ten count class action complaint against all of the Defendants. These Defendants move to dismiss every count of Plaintiffs' complaint. In essence, Plaintiffs allege that Asset needed to have a license under the Indiana Collection Agency Act

("ICAA"). Plaintiffs also allege that debt buyers, such as Asset, do not buy accounts, but rather, they only purchase data. Plaintiffs then attempt to use these allegations to assert claims against all of the Defendants for violating the Fair Debt Collection Practices Act ("FDCPA"), various common law claims and RICO.

2. The title of each count is as follows: Count I ("Failure to Obtain a Debt Collection License As Mandated by I.C. 25-11-1-7 In Violation of the FDCPA"); Count II ("Failure to Obtain a Debt Collection License As Mandated by Indiana And Judge Void Ab Initio Violation of the FDCPA"); Count III ("Charging Pre-judgment Contract Interest Without A Contract Violation of The FDCPA"); Count IV ("Failure to Actually Own the Debt In Violation of The FDCPA"); Count V ("Indiana Common Law Fraud"); Count VI ("Restitution"); Count VII ("Unjust Enrichment"); Count VIII ("Civil RICO as to all Defendants Acquisition and Maintenance of an Interest in and Control of An Enterprise Engaged in a Pattern of Racketeering Activity: 18 U.S.C. 1961 (5), 1962 (b)"); Count IX ("Civil RICO as to all Defendants Conduct and Participation in a RICO Enterprise Through a Pattern of Racketeering Activity: 18 U.S.C. 1961 (5), 1962 (c)"); Count X ("Civil RICO as to all Defendants Conspiracy to Engage in a Pattern of Racketeering Activity: 18 U.S.C. 1961 (5), 1962 (d)").

3. Plaintiffs' claims have been rejected by the Court of Appeals of Indiana in *Wertz v. Asset Acceptance, LLC*, 5 N.E.3d 1175 (Ind.Ct.App. 2014), by this Court in *Cox v. Sherman Capital LLC*, 2014 WL 1328147 (S.D.Ind. March 31, 2014), by the Seventh Circuit Court of Appeals or by the Federal Trade Commission ("FTC"). Defendants, consequently, move to dismiss each count of Plaintiffs' complaint for the following reasons:

    a. Counts I, II and V through X should be dismissed because the ICAA does not require debt buyers, such as Asset, to obtain a license. Both the plain language of

      the ICAA and case law interpreting the act show that the ICAA only applies to entities that collect on behalf of another. Pursuant to Plaintiffs' own allegations, Asset does not seek to collect on behalf of another because Asset seeks to collect on behalf of itself. Thus, Plaintiffs' claims against all of the Defendants because Asset did not have an ICAA license should be dismissed.

b.      Counts I and II should be dismissed because the FDCPA is not meant to be used to enforce a state licensing statute.

c.      Counts V (fraud) and VIII through X (RICO) should be dismissed pursuant to Federal Rule of Civil Procedure 9(b) for the reasons stated in this Court's ruling in *Cox*, 2014 WL 1328147.

d.      Plaintiffs' entire complaint against Asset Acceptance Recovery Services, LLC, and Legal Recovery Solutions LLC should be dismissed because the personal jurisdiction allegations relating to them fail to meet the controlling federal standards, so Plaintiffs' complaint against them should be dismissed for lack of personal jurisdiction (absent a viable RICO claim). *Cox*, 2014 WL 1328147, at *3.

e.      Each count of Plaintiffs Casel, Strohm and Rogers' complaint are preempted by the bankruptcy code. The bankruptcy code preempts these Plaintiffs' state law claims in counts V (Fraud), VI (Restitution) and VII (Unjust Enrichment). For the same reason, they have no claim under the FDCPA (Counts I through IV) or RICO (Counts VIII through X).

f.      Count II should be dismissed based upon the *Rooker-Feldman* doctrine because Plaintiffs ask this court to declare state court judgments void.

g.      Count III should be dismissed because Count III fails to comply with Rule 8 and Plaintiffs' allegations are unintelligible.

h.      Counts IV through X should be dismissed because they rely on the faulty and unsupported premise that Asset only owned Plaintiffs' data and not their account. The FTC report cited by Plaintiffs' complaint explains why Plaintiffs' theory fails. The FTC report explains how debt buyers buy accounts after charge-off. This plays an important role in the financial industry and helps to keep the costs associated with borrowing down.

i.      Counts VI and VII should be dismissed because they sound in fraud, so the heightened pleading requirements under Rule 9(b) apply. Plaintiffs' allegations do not meet the requirements of Rule 9(b).

j.      Count VI should be dismissed because none of the named Plaintiffs assert a claim for restitution. Instead, Plaintiffs improperly attempt to assert a claim on behalf of a class for which Plaintiffs will never be members. Plaintiffs do not allege that they made any payments as a result of a lawsuit or a proof of claim being filed. Therefore, Count VI should be dismissed.

4.	Defendants incorporate herein by reference the arguments made and the authorities cited in its Memorandum of Law in support of its Motion to Dismiss.

WHEREFORE, the Defendants, Asset Acceptance Capital Corp., Asset Acceptance LLC, Asset Acceptance Recovery Services LLC, Legal Recovery Solutions LLC, and Encore Capital Group Inc., prays that this Honorable Court grant its Motion to Dismiss Plaintiffs' complaint and/or enter any other relief to these Defendants that is equitable and just.

Respectfully submitted on behalf of,
Asset Acceptance Capital Corp., Asset Acceptance LLC, Asset Acceptance Recovery Services LLC, Legal Recovery Solutions LLC, and Encore Capital Group Inc.

By: _s/John P. Ryan_
       One of Their Attorneys

David M. Schultz
John P. Ryan
Katherine H. Tresley
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
(312) 704-3000
Fax: (312) 704-3001
dschultz@hinshawlaw.com
jryan@hinshawlaw.com
ktresley@hinshawlaw.com

## CERTIFICATE OF SERVICE

   I hereby certify that on May 5, 2014, a copy of the foregoing MOTION TO DISMISS was filed electronically. Notice of this filing will be sent to all Counsel of record via the Court's electronic filing system.

                *s/John P. Ryan*
                Hinshaw & Culbertson LLP
                222 N. LaSalle St., Suite 300
                Chicago, IL  60601-1081
                Tel: 312/704-3000
                Fax: 312/704-3001

130806001v1 0956854